■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PABON, Appellant.—Appeal by the defendant from a purported resentence of the Supreme Court, Queens County (Browne, J.), imposed April 7, 1987, upon which the defendant seeks review of a judgment of the same court, rendered May 11, 1979, convicting him of murder in the second degree and kidnapping in the first degree, upon a jury verdict, and imposing sentence. We deem point one of the People's brief as a motion for reargument and renewal of the defendant's motion pursuant to CPL 460.30 for an extension of time to take an appeal from the purported resentence, which was granted by decision and order of this court, dated June 16, 1988.

Ordered that the People's motion is granted, and upon renewal and reargument, the order dated June 16, 1988, is recalled and vacated, and the defendant's motion is denied; and it is further,

Ordered that the appeal is dismissed.

After the defendant absconded during jury selection, he was tried in absentia. On May 11, 1979, he was sentenced, in absentia, to consecutive terms of 25 years to life for the kidnapping and murder of Filiberto Orfila. A timely notice of appeal was filed. On October 22, 1979, the appeal was dismissed on motion of the People, because the defendant still could not be found. Leave to appeal from this order was denied by the Court of Appeals (see, People v Pabon, 48 NY2d 1033).

The defendant was ultimately apprehended eight years later

on April 3, 1987. On April 7, 1987, the defendant appeared before Justice Browne, who directed that he be remanded to the New York State Department of Corrections to serve the sentence previously imposed on May 11, 1979. Thereafter, on or about April 16, 1987, the defendant moved to reinstate his appeal from the judgment rendered May 11, 1979, which application was denied by order dated May 27, 1987. The Court of Appeals dismissed the defendant's application for leave to appeal from that order (see, People v Pabon, 70 NY2d 652).

On or about February 24, 1988, the defendant moved pursuant to CPL 460.30 for an extension of time to take an appeal from a purported resentence imposed April 7, 1987. Based upon his mischaracterization of the proceedings conducted on April 7, 1987, as a resentence, his motion was granted.

On this appeal, the defendant improperly seeks review of the original judgment rendered May 11, 1979 (see, People v Manino, 90 AD2d 777). Further, upon our examination of the minutes of the proceedings of April 7, 1987, which are presented to us for the first time, it is manifest that those proceedings did not constitute a resentence from which an appeal could be taken. Accordingly, the appeal is dismissed in its entirety, and the order of this court dated June 16, 1988, is recalled and vacated. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.